

Phone:      (212) 885-5196
Fax:        (917) 332-3067
Email:      *jrobbin@BlankRome.com*

July 15, 2016

**BY ECF**

The Honorable Carol Bagley Amon U.S.D.J.
United States District Court
Eastern District of New York
225 Cadman Plaza East
Brooklyn, New York 11201

        Re:    *Sam Junik v. Northland Group, LLC* (1:16-cv-01511 (CBA)(RER)):
                   Pre-Motion to Dismiss Conference Letter

Dear Judge Amon:

We represent Defendant, Northland Group, LLC ("Northland"). We write to request a pre-motion conference pursuant to Your Honor's Individual Rules Section 3(A).

Plaintiff, on behalf of himself and a putative class, alleges that Northland's September 4, 2015 letter ("Collection Letter") violated the Fair Debt Collection Practices Act ("FDCPA") (§§1692d and e) by causing an unsophisticated consumer to believe that IRS regulations require Northland to report all forgiveness of debt in all circumstances. (Compl. ¶¶18, 27.)

But the Collection Letter does not state what Plaintiff alleges. Rather, the Collection Letter reads in relevant part "Our client will report forgiveness of debt as required by IRS regulations." (Compl. Ex. A.) Contrary to Plaintiff's assertion, this statement is not false, misleading, or deceptive (Compl. ¶¶13, 31).

As is true in this case, where a plaintiff's reading is nonsensical and inconsistent with what is actually written, the Court should not "reconstruct" a collection letter to support a plaintiff's idiosyncratic interpretation if the language of the letter does not support it. *Ghulyani v. Stephens & Michaels Assoc.* 2015 U.S. Dist. Lexis 145424, at *9 (S.D.N.Y. Oct. 26, 2015) (declining to "reconstruct" the letter to support the plaintiff's "far-fetched and implausible interpretation" and holding that the interpretation of the letter can only be arrived at by an enterprising plaintiff's lawyer not a least sophisticated consumer). When "a statement is susceptible [to] only *one* reasonable interpretation, the court should determine whether that interpretation is false … ignoring any unreasonable interpretations." *Moukengeschaie v. Eltman, Eltman & Cooper, P.C.*, 2016 U.S. Dist. LEXIS 43725, *41-42 (E.D.N.Y. Mar. 31, 2016) (quoting *Ghulyani*, 2015 U.S. Dist Lexis 145424, at *2). Thus, where as here the statement is true, Plaintiff's claims cannot stand as a matter of law.

The Chrysler Building  405 Lexington Avenue  New York, NY 10174-0208
www.BlankRome.com

Boca Raton  •  Cincinnati  •  Fort Lauderdale  •  Houston  •  Los Angeles  •  New York  •  Philadelphia  •  Pittsburgh  •  Princeton  •  San Francisco  •  Shanghai  •  Tampa  •  Washington  •  Wilmington



Honorable Carol Bagley Amon, U.S.D.J.
July 15, 2016
Page 2

Further, to establish a violation of § 1692e(5), a plaintiff must show both that defendant (1) threatened to take an action and (2) that the allegedly threatened action could not legally be taken or that was not intended to be taken. *Douyon v. N.Y. Med. Health Care, P.C.*, 894 F. Supp. 2d 245, 258-59 (E.D.N.Y. 2012). As this Circuit has held, equivocal language does not give rise to liability under 1692(e). *Avila v. Riexinger & Assocs., LLC*, 2016 U.S. App. LEXIS 5183 (2d Cir. N.Y. Mar. 22, 2016) (holding statement that debt collector may consider additional remedies is not the same as the debt collector will take legal action).

Here, Northland provided a truthful and complete statement, advising the debtor that Northland's client would report forgiveness as required by IRS regulations. The Collection Letter in no way implied that *any* forgiveness of debt would be reported, or that the IRS requires that *any* forgiveness of debt be reported in *all* circumstances. Unlike *Good v. Nationwide Credit,* the Collection Letter here is clear that "potentially applicable exceptions exist." 55 F. Supp. 3d 742, 748 (E.D. Pa. 2015) (holding that the language "required to file form 1099C with the [IRS] for *any* cancelled debt of $600 or more" was too overbroad as it failed to notify the reader that exceptions may apply).

Moreover, even if there was a threat – which there was not – unlike the letter in *Good*, Northland's Collection Letter does not state anything untruthful about the IRS's laws---only that Northland's client will abide by the actual IRS requirements. Even the least sophisticated consumer understands that a party must abide by the law in reporting to the IRS. Thus, Northland neither threatens any legal action nor threatens an action that cannot legally be taken. *See Moukengeschaie,* 2016 U.S. Dist. LEXIS 43725, at *25-26 (holding to establish violation of 1692(e)(5) must establish both a threat and that the threat cannot legally be taken). Likewise, the Collection Letter cannot support a claim under 1692d as the Letter does not constitute oppressive or outrageous conduct. *See Rhone v. AllianceOne Receivables Mgmt., Inc.*, 2015 WL 4758786, at *6 (S.D. Ind. Aug 12, 2015) (1099 Disclosure Language neither threatens debtor with any action should she fail to pay, nor resembles any of the offenses listed in § 1692d).

Finally, Plaintiff's Complaint fails to allege how, even if the language was a misstatement – which it was not – such misstatement was material. *Gabriele v. Am. Home Mortg. Servicing, Inc.*, 503 F. App'x 89, 94 (2d Cir. 2012)(holding a violation of the FDCPA requires the statement to be "material"). Materiality requires that the statement "mislead a putative-debtor as to the nature and legal status of the underlying debt, or impede a consumer's ability to respond to or dispute collection . . . ." *Id.* There is nothing in the statement at issue that either references the nature of Plaintiff's debt or its legal status. Further, nothing in the statement at issue affects in anyway Plaintiff's ability to respond to or contest the collection. Rather, the statement simply advises that Northland's client will abide by the law.



Honorable Carol Bagley Amon, U.S.D.J.
July 15, 2016
Page 3


        Accordingly, Northland requests a pre-motion conference to request leave to file a
motion to dismiss the Complaint pursuant to Rule 12(b)(6) of the Federal Rules of Civil
Procedure.

                                            Respectfully submitted,



                                            Jonathan M. Robbin

cc:     Maxim Maximov, Esq. (By ECF)
        Igor Litvak, Esq. (By ECF)