```
UNITED STATES DISTRICT COURT
EASTERN DISTRICT OF NEW YORK

------------------------------x
                                      16-CV-1511(CBA)
SAM JUNIK, et al.,
                                      United States Courthouse
          Plaintiffs,                 Brooklyn, New York

          - versus -
                                      September 8, 2016
                                      3:00 p.m.
NORTHLAND GROUP INC.,

          Defendant.

------------------------------x

      TRANSCRIPT OF CIVIL CAUSE FOR PREMOTION CONFERENCE
              BEFORE THE HONORABLE CAROL B. AMON
                 UNITED STATES DISTRICT JUDGE



APPEARANCES

Attorney for Plaintiff:    THE LITVAK LAW FIRM, PLLC
                           1701 Avenue P
                           Brooklyn, NY 11229
                           BY:  IGOR B. LITVAK, ESQ.



Attorney for Defendant:    BLANK ROME, LLP
                           The Chrysler Building
                           405 Lexington Avenue
                           New York, New York 10174-0208
                           BY:  JONATHAN M. ROBBIN, ESQ.



Court Reporter:            LINDA D. DANELCZYK, RPR, CSR, OCR
                           Phone:  718-613-2330
                           Fax:  718-804-2712
                           Email:  LindaDan226@gmail.com

Proceedings recorded by mechanical stenography.  Transcript
produced by computer-aided transcription.
```

Proceedings

1           THE LAW CLERK:  Junik versus Northland Group for a
2  premotion conference.
3           THE COURT:  Parties want to state their appearances,
4  please?
5           MR. LITVAK:  Igor Litvak on behalf of the plaintiff,
6  Sam Junik.
7           MR. ROBBIN:  Jonathan Robbin on behalf of the
8  defendant, Northland Group.
9           THE COURT:  All right.  Mr. Robbin, you want to make
10 a motion here, correct?
11          MR. ROBBIN:  Correct, Your Honor.
12          THE COURT:  And tell me why you think you can be
13 successful on a motion to dismiss.
14          MR. ROBBIN:  Your Honor, the complaint here alleges
15 basically that one sentence in a one-paragraph debt collection
16 letter, the sentence is:  Our client will report forgiveness
17 of debt, as required by IRS regulations, is misleading and
18 deceptive.
19          The debt collection letter was for a 281-dollar
20 debt, and it is our position that no reading of this can be
21 taken as being deceptive or misleading, it is simply an
22 accurate representation of the law saying we will do what is
23 required of us by law.  And it's no different than them saying
24 if you run a red light, you'll be in trouble.
25          THE COURT:  Just give me some background, what is

Proceedings

1 the purpose of reporting this to IRS?

2           MR. ROBBIN:  Well, Your Honor, I think what
3 happened -- I think background is important on this, because
4 what happened was originally when these letters were going
5 out, they were being sent out without any IRS language, and
6 debt collection attorneys were suing and saying you need to
7 tell customers that certain payments being made will be
8 reported to the IRS.

9           THE COURT:  All right, but when they're reported to
10 the IRS, how does that help or hurt the person filing an
11 income tax return?

12          MR. ROBBIN:  It doesn't because at the end of the
13 day, the 1099 C-4 has to be filed by plaintiff, you know, by
14 the person who is reporting on -- you know, person who is
15 doing their own taxes.  It's simply a CYA for our client.

16          This language, which is purely form language --

17          THE COURT:  But what you tell the IRS is that
18 forgiveness of the debt, you tell the IRS the debt was
19 forgiven.

20          MR. ROBBIN:  Certain amount, yes.  If it's over a
21 certain amount.

22          THE COURT:  And how does that help the taxpayer or
23 hurt the taxpayer?

24          MR. ROBBIN:  It could theoretically -- the taxpayer
25 could have tax consequences on that if the -- because certain

1   oversight -- and, again, I am not a tax attorney, I can't tell
2   you that, but over a certain amount, I believe you have to pay
3   taxes on.
4               THE COURT:  If a debt is forgiven.
5               MR. ROBBIN:  If the debt is forgiven, because it
6   becomes somewhat, I think, categorized as income of some sort.
7               THE COURT:  That's what I was trying to get at.  I'm
8   just trying to figure out what all this stuff means.
9               MR. ROBBIN:  Right.
10              And so what happened was that people were suing if
11  you're not telling us that you may report, and then you report
12  it to the IRS.  So debt collectors started including form
13  language, such as this form language here, saying, look, if
14  we're required to by IRS regulations, then we're going to do
15  it.
16              THE COURT:  Where is the exact language in --
17              MR. ROBBIN:  It's Exhibit A of the complaint.  It's
18  the very last line underneath the signature block.
19              THE COURT:  It's Exhibit A to the complaint?
20              MR. ROBBIN:  Yes, page, I guess page number -- page
21  ID number 25 of document 2-1.
22              THE COURT:  Okay, what's the problem with this?
23              MR. LITVAK:  Thank you, Your Honor.
24              Well before I start, I would like to give you a
25  decision from a week ago.  I also gave a copy of the decision

5
Proceedings

1   to the opposing counsel.  This is a decision from the Eastern
2   District Court of New York where there was a motion to dismiss
3   was made and where the language at issue was exactly the same
4   language that was used in our case, word for word.
5           And with your permission, I would like to pass you
6   the decision.  But basically in this case, the motion to
7   dismiss --
8           THE COURT:  Who is the decision by?  Which judge?
9           MR. LITVAK:  It was Judge Joseph Bianco.
10          THE COURT:  Okay, can I see it, please?
11          THE LAW CLERK:  (Proffering.)
12          MR. LITVAK:  And as I mentioned earlier, in that
13  case, it was the same exact language was used in the
14  collection letter, and the judge in that case from a week ago
15  denied the motion to dismiss.
16          And the reason why did he did that -- well, there
17  are many reasons, but to begin with, the standard that courts
18  apply is an objective test based on the understanding of the
19  least-sophisticated consumer.  According to the case law,
20  communications considered false, deceptive, or misleading to
21  the least-sophisticated consumer, if it is open to more than
22  one reasonable interpretation, at least one of which is
23  misleading.
24          Now, the statement in the decision that I just gave
25  you stated:  Department store's national bank will report

Linda D. Danelczyk, RPR, CSR
Official Court Reporter

1  forgiveness of debt as required by IRS regulations, which is
2  the same language that was used in the collection letter in
3  our case.
4           Now the judge, Judge Bianco, goes on to say that:
5  Although defendants argue that as used in their statement as a
6  permissive qualifier, essentially the equivalent of if or
7  when.  Now, if you look at -- the standard is very simple, if
8  the letter is --
9           THE COURT:  You think it means that they are telling
10 this person we're going to report forgiveness of the debt to
11 IRS.
12          MR. LITVAK:  Well, exactly.  Well, the issue is can
13 this statement be interpreted more -- can have more than one
14 interpretation, one of which is misleading, and it's clearly
15 that it can.
16          THE COURT:  So what is misleading about it?  Because
17 it's telling them that they could read it as saying we're
18 going to report forgiveness of the debt; in other words, if
19 you pay us off --
20          MR. LITVAK:  Right.
21          THE COURT:  -- we will report forgiveness of the
22 debt.
23          MR. LITVAK:  No, no, they are not saying if you pay
24 us off, they are saying if you settle the case, whatever --
25 let's say the debt amount is $10,000 and they settle the case

1  for $5,000, they basically saying the $5,000 that we forgave,
2  we're going to report it as income to IRS. And the reason why
3  debt collectors do that is because they're trying to scare
4  debtors into paying the full amount because they're thinking
5  if they don't pay the full amount, they're going to get in
6  trouble with IRS. And, again, in this decision, which I just
7  handed to you and to opposing counsel, the judge basically
8  adopts our argument pretty much word for word, our argument
9  that was in our premotion letter responding to the opposing
10 counsel. So I don't believe they can be successful.
11          THE COURT: How much money was owed here?
12          MR. LITVAK: It was $281.73.
13          THE COURT: Oh, and they're letting him settle it
14 for 223?
15          MR. ROBBIN: Yes. So it's about a 60-dollar
16 difference.
17          MR. LITVAK: So they're basically saying if you
18 settle it for less, we're going to report you to IRS, and the
19 debtor's thinking, listen, I'm going to get in trouble with
20 IRS, I'm going to be audited, and he's thinking, listen, I'm
21 not going to pay the settlement, I will pay the full amount.
22          And that's why it's also material because it's
23 forcing the debtor into paying the full amount of the debt as
24 opposed to taking other options, either settling the debt
25 or --

Proceedings

1           THE COURT: Gee, imagine that, paying the full
2  amount of a debt you owe. That's really not American; is it?
3           MR. LITVAK: Well, Your Honor, the issue is not
4  whether it's American or not --
5           THE COURT: I know, I'm just, you know being
6  facetious.
7           MR. LITVAK: -- the issue is whether they did not --
8  if they would have -- if they would have used in their letter,
9  let's say, language our client may --
10          THE COURT: The bottom line is what you're saying is
11 a client will think that they're going to report this to IRS,
12 but, in fact, they're not going to report it to IRS.
13          MR. LITVAK: Exactly, they have no obligation to
14 report to IRS. So as I was saying before, let's say --
15          THE COURT: Are you just saying that's not a
16 reasonable interpretation, Mr. Robbin?
17          MR. ROBBIN: Number one, I don't think that is a
18 reasonable interpretation, I think -- because it doesn't say
19 that, what it says is we're only going to report it, as
20 required.
21          THE COURT: I mean, what Judge Bianco said, as
22 required means that it's required, that's why we're doing it.
23 We're going to report it because they're required by IRS to do
24 that. That's one way the least-sophisticated person might
25 read that.

Linda D. Danelczyk, RPR, CSR
Official Court Reporter

1       If someone could read it that way, do you still have
2  an argument that it's not actionable?
3       MR. ROBBIN:  Well, I think if someone was to read it
4  that way, then I think that our argument would not be as
5  strong.  But the other difference is in this case, and I don't
6  know what happened in the bounce case that counsel provided to
7  you, Judge Bianco, in his oral opinion doesn't go into the
8  facts that much.  But the other difference here is there's
9  no -- in this particular case, that would not have been.
10      THE COURT:  Would not what?
11      MR. ROBBIN:  Have been any reporting of IRS to the
12 IRS here, no matter what.
13      THE COURT:  Yes, but how does the person know that?
14 I mean, the whole issue is what the consumer thinks about the
15 statement.  What counsel says is the consumer is thinking, oh,
16 I should pay off the entire thing and not take this deal,
17 because any break I get is going to be reported to the IRS.
18      MR. ROBBIN:  Again, I think that's what courts have
19 said is a bizarre idiosyncratic reading of this because I
20 don't view --
21      THE COURT:  Do you have other courts who have
22 interpreted this same language?
23      MR. ROBBIN:  The same language?  No.
24      MR. LITVAK:  Your Honor, can I just add a few
25 things?

Linda D. Danelczyk, RPR, CSR
Official Court Reporter

1           If that statement would have said our client may,
2    may report forgiveness of debt, if required by IRS
3    regulations, then the defendant's argument might hold water,
4    but it's not what it says.
5           THE COURT:  You'd find a way to say that that
6    doesn't hold water if they changed that.
7           MR. ROBBIN:  Exactly.  And so changing if for as,
8    that's, to me, now we're just putting an undue burden --
9           THE COURT:  Well, the problem is you can't have a
10   form letter.  I mean what is created by all of these issues is
11   that it's almost impossible to have a form letter.  And
12   companies use form letters.  So it's almost impossible to have
13   a form letter because of this statute.
14          If this had been a different amount of the debt, I
15   mean assuming this had been a case where it did have to be
16   reported, you wouldn't have a case, correct?
17          MR. LITVAK:  Well, perhaps, but the issue is not
18   whether it has to be reported or not, the issue is what is the
19   least-sophisticated consumer thinking.
20          THE COURT:  No, no, I'm saying -- look, check this
21   out.  Assuming that this was of an amount.  This is 60 bucks
22   here, it doesn't have to be reported, it's like over 600 that
23   has to be reported.
24          MR. LITVAK:  Not just over 600, it has to be
25   principal that is over 600.  If it's interest --

                    Linda D. Danelczyk, RPR, CSR
                        Official Court Reporter

Proceedings

1          THE COURT:  Okay, whatever.  Assume it fits the IRS
2  regulation it has to be reported.  This statement, would you
3  argue that there was something misleading about this
4  statement?
5          MR. LITVAK:  It's a good question.  Possibly, yes.
6  Because, again, the issue is whether -- in this specific case,
7  they don't have to report it.  And it's less than $600 and
8  they don't have to report it in this specific case.
9          THE COURT:  Suppose it was more.  Is this language
10  okay?  This gentleman, you represent Macy's, right?
11          MR. ROBBIN:  The debt collector.
12          THE COURT:  Oh, I'm sorry.
13          MR. ROBBIN:  Macy's is my client's client.
14          THE COURT:  Right, I got it.  You're the debt
15  collector.
16          Assuming they want to go back and they want to make
17  sure that you don't turn around and bring another case against
18  them, and this is a situation where they would have,
19  undisputedly, they would have to report it to the IRS.  Is
20  there something wrong with this language?
21          MR. LITVAK:  I think the better language would be,
22  like I said before, would be to say may report it, if required
23  by IRS regulation.  But specifically in this case --
24          THE COURT:  Well, may, though.  But if it's required
25  by IRS regulation, they have to report it.  So that would be

Linda D. Danelczyk, RPR, CSR
Official Court Reporter

1  wrong.

2          MR. LITVAK:  Right.  Again, in this situation, I
3  don't believe that the defendant can be successful on a motion
4  to dismiss.

5          I gave you the decision.  There's plenty of cases --
6  actually have been, if you look at our response to the
7  premotion letter, we bring up cases where language was used,
8  which is much less confusing, and it was found to be a
9  violation.  One example is Kaff where they stated that if it's
10 more than 60 --

11         THE COURT:  Just out of interest, did Mr. Junik pay
12 to settle?

13         MR. LITVAK:  I'm not sure, I don't believe so.

14         THE COURT:  So what kind of penalty -- I mean, what
15 is the most that he could obtain?

16         MR. LITVAK:  In terms of?

17         THE COURT:  A financial benefit.

18         MR. LITVAK:  Settlement?

19         THE COURT:  Yes.  Assuming he went to trial and
20 prevailed, how much money can he get for this violation?

21         MR. ROBBIN:  $1,000.

22         THE COURT:  1,000 is the max.

23         MR. ROBBIN:  Plus attorney's fees.

24         MR. LITVAK:  Right.

25         MR. ROBBIN:  But I think Your Honor raised an

13
Proceedings

1  interesting point, because there may also be a Spokeo argument
2  here, because he hasn't been damaged, and he hasn't made any
3  payments under this, and any argument is purely -- or any
4  issue here, this is purely, as Your Honor called it, a form
5  letter with form language and it's administerial, it doesn't
6  damage him.
7              MR. LITVAK:  Your Honor, I would just respond and I
8  don't believe --
9              MR. ROBBIN:  Especially being that it's $60.
10             THE COURT:  But Spokeo, that opinion it came out,
11 the Supreme Court ruled on that and they basically,
12 essentially, ruled in favor of plaintiffs on those issues, to
13 my memory.
14             MR. ROBBIN:  I think that's -- I think that if you
15 look at the cases post-Spokeo, that there's decidedly a split
16 there, and there have been a very large number of FCRA, TCPA,
17 which is very similar to the FDCPA cases, that show that you
18 need to actually allege an actual damage and a mere statutory
19 violation is insufficient.
20             THE COURT:  Well, in any event, the money isn't owed
21 the debt collector.  So there's no counterclaims in this case
22 is for the amount of the debt, correct?
23             MR. ROBBIN:  No.
24             THE COURT:  And Macy's isn't being sued.  And Macy's
25 isn't suing to get $223 back.

Linda D. Danelczyk, RPR, CSR
Official Court Reporter

14
Proceedings

1           MR. ROBBIN:  No, to my knowledge.
2           THE COURT:  All right.  Well, counsel has provided a
3   case that seems like it favors his position.
4           You know, you can make your motion, I don't if you
5   have other cases from other judges that have dealt with this
6   issue, but when do you want to make your motion?
7           MR. ROBBIN:  Thirty days?  Forty-five days?
8   Sometime middle of next month?
9           THE COURT:  You can make this by October 10th?
10          MR. ROBBIN:  What day of the week is that, Your
11  Honor?
12          THE COURT:  Monday.
13          Oh, wait a minute, is that a holiday?
14          MR. ROBBIN:  No, I think the 11th is, that's why I
15  was asking.
16          THE COURT:  No, that is a holiday.
17          MR. ROBBIN:  Oh, it is.
18          THE COURT:  It's Columbus Day.
19          MR. ROBBIN:  And the 11th is a holiday as well, Your
20  Honor, and the 12th.
21          THE COURT:  October 13th?
22          MR. ROBBIN:  May I have until that Friday?  Those
23  three off days, just to have the day after the holiday, I
24  believe?
25          THE COURT:  That's the 14th?

Linda D. Danelczyk, RPR, CSR
Official Court Reporter

1         MR. ROBBIN:  I believe so.
2         THE COURT:  All right, October 14th.
3         MR. LITVAK:  October 14th?
4         THE COURT:  For his papers.
5         You're already got your case.  Can you file your
6   papers by November 4?
7         MR. LITVAK:  November 4th, sure.
8         THE COURT:  And any reply, November 11.  That's some
9   another day, right?  November 14th.
10        And we will have oral argument December 2nd at 2:00.
11  Okay?
12        MR. ROBBIN:  Okay.
13        MR. LITVAK:  Thank you, Your Honor.
14        THE COURT:  All right.  Thank you, Your Honor.
15        MR. ROBBIN:  Thank you, Your Honor.
16        (Whereupon, the matter was concluded.)
17                 *     *     *     *     *.
18  I certify that the foregoing is a correct transcript from the
    record of proceedings in the above-entitled matter.
19
20        /s/ Linda D. Danelczyk            September 19, 2016
21        LINDA D. DANELCZYK                       DATE
22
23
24
25

Linda D. Danelczyk, RPR, CSR
Official Court Reporter